UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RAY DUSHEY, JEANNINE DUSHEY, and CHRISTOPHER DUSHEY,

        Plaintiffs,

   v.

ACCU BITE, INC., a Michigan corporation; PATTERSON DENTAL SUPPLY, INC., a Michigan Corporation; and DOES 1 through 10, inclusive,

        Defendants.

NO. CIV. S-06-00834 WBS GGH

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

        Plaintiffs Ray Dushey, Jeannine Dushey, and Christopher Dushey filed this lawsuit in the Superior Court of California in and for the County of Placer to recover damages for, inter alia, defendants Accu Bite, Inc. and Patterson Dental Supply, Inc.'s alleged failure to adhere to the terms of an agreement for future employment.  Defendants removed the case to this court and now seek to dismiss plaintiffs' sixth cause of action for negligent infliction of emotional distress pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike particular requests in the

1

complaint for damages and fees pursuant to Rule 12(f). Jurisdiction is predicated on 28 U.S.C. § 1332.

I.   <u>Factual and Procedural Background</u>

Plaintiffs Ray and Jeannine Dushey own a company that provides dental offices and professionals with supplies and equipment.  (Compl. ¶ 10.)  In late July, 2005, plaintiffs entered into a series of agreements with defendants in which plaintiffs agreed to (1) relocate to Spokane, Washington to pursue a similar line of work as defendant Accu Bite's employees and (2) transfer their existing client accounts in the Sacramento, California area to defendant Accu Bite.  (<u>Id.</u> ¶ 12.)  Plaintiffs allege that they fulfilled their end of the bargain by completing new hire paperwork, relocating their home and business operations to Spokane, contacting their existing Sacramento area clients and advising them to do business with defendant Accu Bite, and providing defendants with "proprietary financial information regarding their business Dental Plus, their customer accounts, and other trade secret information."  (<u>Id.</u> ¶ 14, 24.)

However, "[u]nbeknownst to Plaintiffs at the time they were negotiating . . . , Defendant Patterson Dental was in the process of acquiring Defendant Accu Bite" and the promised employment, scheduled to begin on August 29, 2005, never materialized.  (<u>Id.</u> ¶¶ 12(e), 15(a), 16.)  Plaintiffs imply that these two events have some causal connection and further claim that, had they known about this acquisition, such information "would have materially affect[ed] their decisions to accept, rely upon, and act upon the representations and agreement proposed by [defendant Accu Bite]."  (<u>Id.</u> ¶ 21.)

2

To recover the expenses incurred and damage suffered as a result of defendants' alleged breach, plaintiffs filed suit based on the following causes of action: (1) Breach of Employment Contract; (2) Fraud and Deceit; (3) Conversion; (4) Intentional Interference with Contractual Relations; (5) Intentional Interference with Prospective Economic Advantage; (6) Negligent Infliction of Emotional Distress; (7) Unfair Business Practices; and (8) Common Counts.  Specifically, plaintiffs seek to recover compensation for lost earnings, lost benefits, expenses incurred, and emotional suffering, as well as punitive damages and "attorney's fees [incurred] in attempting to secure the benefits owed them under the employment contracts."  (Id. ¶¶ 17-18, 35, Prayer for Relief ¶¶ 3, 6.)

II. Discussion

    A. Motion to Dismiss

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319 (1972).  The court may not dismiss for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (emphasis added); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  At the motion to dismiss stage, "[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995)

(quotation omitted).

Defendants contend that plaintiffs' sixth cause of action, for negligent infliction of emotional distress, fails to state a claim on which relief can be granted. "Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." <u>Ess v. Eskaton Props., Inc.</u>, 97 Cal. App. 4th 120, 126 (2002). Accordingly, as part of claim six, plaintiffs assert that defendants had a duty "to avoid causing severe emotional distress" because the parties "were engaged in a business relationship." (Compl. ¶ 51.)

However, the mere fact that parties have entered into a business agreement does not necessarily establish a duty to consider each other's mental state. <u>Cf.</u> <u>Gonzales</u>, 56 Cal. App. 4th at 474 (contractual duty to protect property does "not include a duty to protect [the plaintiff] from emotional distress or physical harm"); <u>Butler-Rupp v. Lourdeaux</u>, 134 Cal. App. 4th 1220, 1230 (2005) (observing that recovery of emotional distress damages, "absent impact or physical injury", requires violation of some <u>independent</u> duty on the part of defendants "to avoid infliction of emotional distress"). Absent some threatened physical injury, which plaintiffs do not allege as part of their sixth cause of action, or a <u>contractual</u> duty "to protect [plaintiffs'] emotional tranquility[,]" which is likewise not alleged, plaintiffs cannot make out a claim for negligent infliction of emotional distress. <u>Gonzales</u>, 56 Cal. App. 4th at 474. As the California Supreme Court has observed, "in

4

commercial activities that negligently or inadvertently go awry," a plaintiff's damages are limited to contractual remedies. Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 991 n.7 (2004).

Because the court has not yet seen the terms of the agreement, it cannot say with certainty that defendants did not undertake a duty to protect plaintiffs' emotional well-being. On the other hand, plaintiffs have not alleged that such a duty was undertaken. Therefore, dismissal of claim six, while warranted, will be without prejudice and with leave to amend because it is not clear that plaintiffs cannot allege a set of facts sufficient to support a claim for negligent infliction of emotional distress.[1]

B.  Motion to Strike

Defendants also move to strike particular requests for damages and fees in plaintiffs' complaint. Federal Rule of Civil Procedure 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." Such motions are designed "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). However, "[m]otions to strike are generally disfavored."

---

[1] This ruling has no bearing on plaintiffs' ability to claim emotional distress damages in connection with claims two and three. See (Compl. ¶¶ 25, 34); Erlich v. Menezes, 21 Cal. 4th 543, 551-52, 554 (1999) (holding that tort damages, including emotional distress damages, are available where the contract was fraudulently induced or "the breach is accompanied by a common law tort, such as . . . conversion").

5

Abney v. Alameida, 334 F. Supp. 2d 1221, 1234 (S.D. Cal. 2004); Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) ("Rule 12(f) motions are generally 'disfavored' because they are 'often used as delaying tactics, and because of the limited importance of pleadings in federal practice.'" (quoting William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 9:375)).  If there is any doubt as to whether the allegations might be an issue in the action, [the] court[ should] deny the motion."  In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds, 510 U.S. 517, 534-35 (1994)).

        1.   Claim for Attorneys' Fees

        Arguing that California follows the "American Rule" under which each party must bear their own attorneys' fees, defendants move to strike this requested relief.  Defendants point out that in California, a party may not recover attorneys' fees unless there is a statute, contractual provision, or rule that authorizes such an award.  Cal. Civ. Proc. Code § 1021.  However, the court does not yet have before it a copy of the full employment agreement allegedly entered into by the parties in this case (plaintiffs are not required by law to attach these documents to their complaint).  Fed. R. Civ. P. Form 12 ("[P]laintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect."); see also Securimetrics, Inc. v. Hartford Cas. Ins. Co., No. C-05-917, 2005 WL 1712008, at *2-3 (N.D. Cal. July 21, 2005) (citing 5 Charles Alan Wright & Arthur

6

R. Miller, Federal Practice & Procedure § 1235 (2004)). Consequently, the court cannot say with certainty at this time that attorneys' fees were not authorized by a contractual provision in this case.

Additionally, because plaintiffs are not required to "plead entitlement to attorney fees as an item of damages in order to recover them in California[,]"[2] the court questions whether plaintiffs' request for attorneys' fees is even the proper target of a motion to strike, given that the court's decision here will have no impact on plaintiffs' ability to ultimately recover the relief sought. Allstate Ins. Co. v. Loo, 46 Cal. App. 4th 1794, 1797 (1996) (citing Cal. Civ. Proc. Code § 1033.5(a)(10)); Cardinale v. La Petite Acad., Inc., 207 F. Supp. 2d 1158, 1163 (D. Nev. 2002) (making the same observation and denying defendant's 12(f) motion because "[t]he inclusion of claims for attorneys' fees in the Complaint does not constitute an 'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter' such that a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) is proper"). But see Bianchi v. State Farm Fire & Cas. Co., 120 F. Supp. 2d 837, 842 (N.D. Cal. 2000) (striking plaintiff's request for attorneys' fees because the state statute providing for such relief was preempted by federal law). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters" and it is

---

[2] Attorneys' fees can simply be requested at the appropriate time through a noticed motion. Allstate Ins. Co., 46 Cal. App. 4th at 1797 (citing Cal. Civ. Proc. Code § 1033.5(c)(5)).

7

1  not clear how any of these purposes are served by striking from
2  the complaint claims that plaintiffs are not even required to
3  plead.  <u>McInerney v. Moyer Lumber & Hardware, Inc.</u>, 244 F. Supp.
4  2d 393, 402 (E.D. Pa. 2002).  For these reasons, the court
5  declines defendants' invitation to modify the content of
6  plaintiffs' pleadings with respect to the request for attorneys'
7  fees.

         2. <u>Claim for Damages Under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17203</u>

10        Defendants also argue that plaintiffs' prayer for
11  damages under California's UCL is improper because plaintiffs
12  include a request for "incurred damages."  (Compl. ¶ 57.)  The
13  UCL allows plaintiffs to seek <u>restitution</u>--not damages generally.
14  <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1144
15  (2003); <u>Cortez v. Purolator Air Filtration Prods. Co.</u>, 23 Cal.
16  4th 163, 173 (2000); <u>see also</u> <u>Tomlinson v. Indymac Bank, F.S.B.</u>,
17  359 F. Supp. 2d 891, 893 (C.D. Cal. 2005) (noting that the
18  threshold question when a UCL claim is challenged is "whether the
19  remedies sought by Plaintiffs are properly characterized as
20  restitutionary (and thus recoverable), or as compensatory damages
21  (unrecoverable)").

22        In this context, "'restitution' is limited to the
23  return of property or funds in which the plaintiff has an
24  ownership interest," or, put differently, the return of money
25  obtained through an unfair business practice at the claimant's
26  expense.  <u>Madrid v. Perot Sys. Corp.</u>, 130 Cal. App. 4th 440, 453
27  (2005).  Plaintiffs cannot sue for ill-gotten gains, such as a
28  non-restitutionary general disgorgement of profits, but they can

8

seek the quantifiable sums owed to them by defendants.  <u>Korea Supply</u>, 29 Cal. 4th at 1149-52; <u>Cortez</u>, 23 Cal. 4th at 178; <u>Day v. AT & T Corp.</u>, 63 Cal. App. 4th 325, 339 (1998) ("[Section] 17203 operates only to return to a person those <u>measurable amounts</u> which are <u>wrongfully taken</u> by means of an unfair business practice." (emphasis added)).

Plaintiffs note in their opposition to this motion that defendants appropriated plaintiffs' trade secrets and other property, for which they were not compensated.  These items are the potential source of a proper claim for restitution under the UCL.  <u>See</u> <u>Rosales v. Citibank, Fed. Sav. Bank</u>, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001) ("Under Section 17203, . . . the offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep.").  However, as defendants note, even if the court adopts the proposed deletions, other language in the complaint will still preserve plaintiffs' claims for restitution.  Therefore, because plaintiff cannot recover "damages" under the UCL and this request is consequently immaterial, the court will order that paragraph 57 and the phrase "of those damages" in paragraph 58 be stricken from the complaint.

IT IS THEREFORE ORDERED that

(1) defendants' motion to dismiss claim six be, and the same hereby is, GRANTED.

(2) defendants' motion to strike plaintiffs' request for attorneys' fees be, and the same hereby is, DENIED.

(3) defendants' motion to strike plaintiffs' request for "damages" under the UCL be, and the same hereby is, GRANTED.

Paragraph 57 and the phrase "of those damages" in paragraph 58 are hereby ordered stricken from the complaint.

    Plaintiff is given 30 days from the date of this order to file an amended complaint consistent with this order. Defendants shall file an answer within 20 days of plaintiff's filing of an amended complaint or, if plaintiff does not amend within the specified period, within 20 days of the deadline for plaintiff's amended complaint.

DATED:   June 1, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE